IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| **FREDRIC TRAVIS,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:24-cv-05002-MDH |
| **ROBERT KNODELL, Director of Social Services, Missouri,** | ) |
| **Defendant.** | ) |

## ORDER

Before the Court is Defendant Robert Knodell's Motion to dismiss (Doc. 39) and Defendant Janet Yellen and The United States' Treasury's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 41). Plaintiff has not filed a response to the motions and the time to do so has expired. The motions are ripe for review.

## BACKGROUND

Plaintiff filed suit against the Director of the Missouri Department of Social Services Robert Knodell and Secretary of the Treasury Janet Yellen. Plaintiff alleges that he was not afforded due process prior to the enforcement of a child support order and that a lien was taken against his award from a car wreck and the notice of the lien was not done in accordance with Section 454.519, RSMo.

Plaintiff further alleges that that the United States Treasury has allowed the State of Missouri to deduct past-due support from his "federal payments and taxes" and brings a claim

against Defendant Yellen in both her individual capacity and her official capacity as Secretary of the Treasury under 42 U.S.C. § 1983.[1]

Specifically, Plaintiff states he is "bringing this suit individually in his role as an employer of the United States Government…" Plaintiff alleges monies taken were "accrued from his duties done on official business in [sic] behalf of the United States Government." Plaintiff alleges that he is an employee of the United States Department of Agriculture ("USDA"). Plaintiff states he was involved in a divorce proceeding in 2014 and that in 2016 his ex-wife was awarded child support. Plaintiff states he is several thousand dollars in arrears on the child support payment he owes to his ex-wife. Plaintiff alleges Child Support Enforcement started garnishing or offsetting Plaintiff's taxes and federal payments to apply toward child support arrears and that these actions were unlawful and fraudulent because Plaintiff was not given notice or due process.

Plaintiff further alleges he filed proceedings in circuit court and with Child Support Enforcement. He also filed an appeal with the Division of Legal Services who issued an opinion that the child support was a valid order. Plaintiff claims he is challenging the due process of the "unlawful and unconstitutional taking of my fruitages of labor."

Plaintiff also contends the U.S. Treasury refused to do anything to protect Plaintiff from the state's actions that violated his rights from malicious use of the U.S. Treasury services. Defendant Yellen's motion states: "a liberal reading of Plaintiff's complaint would appear to allege that Defendant Yellen and/or the United States Treasury allowed the State of Missouri to garnish

---

[1] Plaintiff's Count I does not mention the United States, United States Treasury, or Yellen. The only reference to federal actors is in Plaintiff's Statement of Facts. However, Plaintiff's claim for relief makes clear that he is attempting to bring his first count against the U.S. Treasury and Defendant Yellen.

his tax return and the wages he earned from employment with the USDA, and thereby violated Plaintiff's rights as guaranteed by federal statute."

## LEGAL STANDARD

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1); 12(b)(2); and 12(b)(6). As federal courts are courts of limited jurisdiction, the burden rests upon Plaintiff to establish that jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Subject-matter jurisdiction is lacking when claims are barred by the Eleventh Amendment. *Keselyak v. Curators of the University of Missouri*, 200 F. Supp.3d 849, 853, 856 (W.D. Mo. 2016). Fed. R. Civ. P. 12(b)(1) permits dismissal on such a basis.

Dismissal is proper under Fed. R. Civ. P. 12(b)(6) when a complaint fails to state a claim upon which relief can be granted. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim for relief "must include sufficient factual information to provide the 'ground' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## DISCUSSION

### 1. Knodell's Motion to Dismiss

In Count I Plaintiff alleges a claim under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment right to due process. Plaintiff claims Defendant Knodell, while acting under the color of the law, violated Plaintiff's constitutional rights, by unlawfully taking Plaintiff's federal payments from his federal wages and using continuous fraud against him which resulted in undue

hardships and mental stress for the Plaintiff. Plaintiff does not allege anything more specific with regard to the actions of defendant Knodell.

Defendant Knodell moves to dismiss arguing Plaintiff has named him in his official capacity as the Director of the Missouri Department of Social Services and the Eleventh Amendment bars such claims. Federal actions against the State of Missouri and its agencies are proscribed by the Eleventh Amendment in the absence of their consent to the same. Citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought." *Id*. Eleventh Amendment immunity also extends to state officials acting in their official capacity sued for monetary relief. Citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991); and *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Further, while 42 U.S.C. Section 1983 provides a remedial vehicle for raising constitutional violations, it does not abrogate Eleventh Amendment immunity. See *Quern v. Jordan*, 440 U.S. 332, 338–40 (1979). Defendant Knodell moves to dismiss this claim based on Eleventh Amendment Immunity because Knodell as a state official acting in his official capacity has not consented to this suit nor indicated an intent to submit to this Court's jurisdiction.

With regard to any claim brought against Knodell personally under Section 1983 Defendant states "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1080–81 (8th Cir. 2017). Further, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006).

Plaintiff's complaint, even taken in the most liberal view, makes conclusory catch-all assertions that Knodell acted under the color of law, violated Plaintiff's constitutional rights,

unlawfully took Plaintiff's federal payments, and committed fraud against him. Plaintiff's specific allegations, if any, are directed at Child Support Enforcement and the U.S. Treasury. The complaint fails to allege any specific actions taken by Knodell in an individual capacity.

In addition, Plaintiff does allege a custom or policy of not sending out notices based on 31 C.F.R. § 285.1(h). Defendant states 31 C.F.R. § 285.1(h) permits the Department of Health and Human Services, Office of Child Support Enforcement to send parties the pre-offset notice instead of the State. Citing, Office Of Child Support Services, At-10-04, Collection And Enforcement Of Past-Due Child Support Obligations, p. 3 (2010) ("States may issue their own notices or have OCSE issue the PON on their behalf."). Defendant contends Missouri Department of Social Services complies with 31 C.F.R. § 285.1(h) by having the Office of Child Support Services issue the notices to individuals on their behalf. A liberal review of the *pro se* Complaint reflects Plaintiff does not a state a claim against Knodell in his individual or official capacity upon which relief can be granted.

In Count II Defendant alleges he was awarded a settlement amount from a car wreck that happened in 2022. Defendant was notified by his attorney that Missouri CSE emailed him a lien for personal injury settlement monies for child support arrears. A copy was later sent to Plaintiff by CSE. Plaintiff sent his attorney a copy of Missouri Revised Statute 454.519(2) which reads:

> No such lien shall be effective unless and until a written notice is mailed by certified mail, return receipt requested, to the alleged tort-feasor or the attorney of record, if any. The notice shall contain the name and address of the delinquent obligor, the Social Security number of the obligor, if known, the name of the obligee, and the amount of delinquent child or spousal support. The notice shall also instruct the tort-feasor to mail a copy of the notice of lien to the tort-feasor's insurance carrier, if any.

Plaintiff alleges a local child support worker in the Joplin office said that the liens are emailed or faxed to the attorney of record and that was the policy or custom.

The Family Support Division issues orders pursuant to Section 454.505 that direct employers and other payers to withhold and pay to the division money owed pursuant to a support order. Section 454.505.4 states:

> If the order is served on a payer other than an employer, it shall be a lien against any money due or to become due the obligated parent which is in the possession of the payer on the date of service or which may come into the possession of the payer after service until further order of the director.

Under Section 454.505.3, RSMo, service is proper by regular mail, certified mail, or electronic means. As Plaintiff acknowledges in his complaint, his attorney was notified by electronic means and a copy was sent to Plaintiff. The Missouri Department of Social Services complies with service outlined in the statute under which they issue orders. Plaintiff claims this is a violation of his due process rights, however, Plaintiff's complaint fails to state a claim against Knodell based on the notice provisions.

"Missouri does not allow private causes of action for damages based solely on the violations of a statute unless the legislature intended the violations to be privately actionable." Citing, *Vilcek v. Uber USA, LLC*, 902 F.3d 815, 819 (8th Cir. 2018); *Egan v. St. Anthony's Med. Ctr.*, 244 S.W.3d 169, 173 (Mo. banc 2008) (affirming the general rule for actions for damages)). Section 454.519, RSMo. does not expressly create a private cause of action if it is allegedly violated. The cited state statue merely provides the process for executing liens against personal injury or negligence rights of action.

Wherefore, for the reasons set forth in Defendant's motion to dismiss, Defendant's motion to dismiss is **GRANTED.**

**2. United States Treasury and Secretary Yellen's Motion to Dismiss**

42 U.S.C. § 659 requires all agencies of the United States to comply with state child-support garnishment orders. It also prohibits all claims against the United States, its agencies, and

federal officers with respect to payments made pursuant to child-support garnishment orders. Specifically, 42 U.S.C. § 659(f) states neither the United States . . . nor any disbursing officer shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if the payment is made in accordance with this section and the regulations issued to carry out this section.

Plaintiff's complaint fails to allege facts indicating that any garnishment of his federal wages was not carried out in accordance with 42 U.S.C. § 659 or the applicable regulations. See also *Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977) (explaining that 42 U.S.C. § 659 does not waive the United States' sovereign immunity for any claims related to child-support or alimony payments other that those brought by a state to enforce an obligation).

Further, to the extent Plaintiff alleges that his tax return was garnished, Defendants move to dismiss for lack of subject matter jurisdiction. 26 U.S.C. § 6402(c) requires the Treasury to offset the amount of any tax refund required to cover child support payments and pay the amount "to the State collecting such support." See also *Todd v. Norman*, 840 F.2d 608, 612 n. 4 (8th Cir. 1988) (noting that 26 U.S.C. § 6402(c) "offsets past-due child support against a tax refund"). Any challenges to a Treasury offset must be brought against the "State to which the amount of such reduction was paid." 26 U.S.C. § 6402(g); see also *Thomas v. Bennett*, 856 F.2d 1165, 1167 (8th Cir. 1988). In addition, Plaintiff has failed to allege that the Treasury or Yellen had any involvement in his wage garnishment and any claim in a personal capacity fails to state a claim as argued in Defendants' motion.

For the reasons stated in Defendants' motion, Defendants' Motion is granted and Plaintiff's claims against the U.S. Treasury and against Defendant Yellen are dismissed.[2]

## DECISION

Wherefore, for the reasons set forth herein, the Court hereby **GRANTS** Defendant Knodell's Motion to Dismiss (Doc. 39) and Defendant Yellen and The United States' Treasury's Motion to Dismiss. (Doc. 41).

**IT IS SO ORDERED.**

Date: October 3, 2024

                                                */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**

---

[2] In the alternative, Defendants also argue Plaintiff's claim should be dismissed for lack of subject matter jurisdiction as section 1983 does not apply to federal agencies or officials, and a Bivens claim is unavailable here. This Court also agrees with Defendants' motion to dismiss on this basis.